## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH WITTMANN-PRICE, | : | CIVIL ACTION |
| **Plaintiff** | : | |
| | : | No. |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| DESALES UNIVERSITY, KAREN | : | |
| WALTON, RODGER BERG, BRIAN | : | |
| KANE, STEPHEN LAUGHLIN, | : | |
| BOYSE JUBILAN, AND | : | |
| REVEREND BERNARD | : | |
| O'CONNOR, | : | |
| **Defendants** | : | |

## COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Ruth Wittmann-Price (hereinafter "Ruth Wittmann-Price"). Ruth Wittmann-Price was an employee of DeSales University (hereinafter "DeSales University") Center Valley, Pennsylvania, who has been harmed by the sex-based harassment, sex-based discrimination, age discrimination and retaliatory practices as well as other improper conduct by Defendants. Defendants Karen Walton, Rodger Berg, Brian Kane, Stephen Laughlin and Boyse Jubilan were all members of DeSales' Tenure Committee (hereinafter, collectively, "Tenure Committee").

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, and The Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. § 951 *et seq.*

## II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331, 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000(e), *et seq.* and the Age Discrimination in Employment Act of 1967 ("ADEA").

2. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951 *et seq.*

3. All conditions precedent to the institution of this suit have been fulfilled. As to the Title VII claims, Plaintiff Ruth Wittmann-Price has invoked the procedure set forth in § 706(a) of Title VII and has received a Notice of Right to Sue as required by that statute. On September 5, 2007, Plaintiff filed a Charge of Discrimination with the EEOC which was jointly filed with the Pennsylvania Human Relations Commission, against DeSales University alleging, *inter alia* sex harassment, gender based employment discrimination, maintenance of a gender hostile work environment and retaliation. On February 20, 2009, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. More than one year has expired since Plaintiff's filing with the PHRC.

4. This action has been filed within ninety (90) days of receipt of the above stated Notice from the EEOC.

## III. PARTIES

5. Plaintiff, Ruth Wittmann-Price, is a 51 year old adult female citizen and resident of the Commonwealth of Pennsylvania, residing at 3605 Temple Court,

Bethlehem , Pennsylvania.  Plaintiff, Ruth Wittmann-Price, at all times pertinent hereto, was employed as an Instructor during the years 2000 through 2003 and subsequently an Assistant Professor in the Department of Nursing and Health through May 23, 2007 at DeSales University in Center Valley,  Pennsylvania.

6. Defendant, DeSales University, is a Pennsylvania Non-Profit Corporation operating as an educational Institution and University in the Commonwealth of Pennsylvania, with a principal place of business at 2755 Station Avenue, Center Valley,  Pennsylvania.

7. Defendant, DeSales University, is a private four-year Catholic university.

8. Karen Walton, (hereinafter "Walton") is a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action Walton was a supervisor for Defendant DeSales University and was a member of Defendant's Tenure Committee.  At all times relevant hereto, Defendant Walton was an agent, servant, workman and/or employee of Defendant DeSales University, acting and or failing to act within the scope, course and authority of her employment and her employer, DeSales University. Walton's title was Provost and Vice President for Academic Affairs.  At all times relevant, Walton was acting in a supervisory capacity as to Plaintiff and as a voting member of the Tenure Committee.

9. Rodger Berg, (hereinafter "Berg") is a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action Berg was a supervisor for Defendant DeSales University and was a member of Defendant's Tenure Committee.  At all times relevant hereto, Berg was an agent, servant, workman and/or employee of Defendant DeSales University, acting and or failing to act within the scope, course and authority of his employment and his employer,

DeSales University.  At all times relevant, Berg was acting in a supervisory capacity as to Plaintiff.

10. Brian Kane, (hereinafter "Kane") is a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action Kane was a Supervisor for Defendant DeSales University and was a member  of and Chair of Defendant's Tenure Committee.  At all times relevant hereto, Kane was an agent, servant, workman and/or employee of Defendant DeSales University, acting and or failing to act within the scope, course and authority of his employment and his employer, DeSales University.  At all times relevant, Kane was acting in a supervisory capacity as to Plaintiff and as a non-elected but appointed member of the Tenure Committee, having been appointed to same by the President, Defendant O'Connor.

11. Stephen Laughlin, (hereinafter "Laughlin") is a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action Laughlin was a Supervisor for Defendant DeSales University and was a member  of Defendant's Tenure Committee.  At all times relevant hereto, Laughlin was an agent, servant, workman and/or employee of Defendant DeSales University, acting and or failing to act within the scope, course and authority of his employment and his employer, DeSales University.  At all times relevant, Laughlin was acting in a supervisory capacity as to Plaintiff.

12. Boyse Jubilan, (hereinafter "Jubilan") is a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action Jubilan was a Supervisor for Defendant DeSales University and was a member  of Defendant's Tenure Committee.  At all times relevant hereto, Jubilan was an agent, servant,

workman and/or employee of Defendant DeSales University, acting and or failing to act within the scope, course and authority of his employment and his employer, DeSales University.  At all times relevant, Jubilan was acting in a supervisory capacity as to Plaintiff and was an appointed, not elected, member of the Tenure Committee.

13. Reverend Bernard O'Connor, (hereinafter "O'Connor") is a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action O'Connor was a Supervisor for Defendant DeSales University acting as President of the University.  At all times relevant hereto, O'Connor was an agent, servant, workman and/or employee of Defendant DeSales University, acting and or failing to act within the scope, course and authority of his employment and his employer, DeSales University.  At all times relevant, O'Connor was acting in a supervisory capacity as to Plaintiff. O'Connor appointed the certain members of the Tenure Committee.

14. At all times relevant hereto, DeSales University has been a "person" or "employer" as defined under Title VII, and is subject to the provisions of the said Act.

15. At all times relevant hereto, Defendant DeSales University owned, operated, controlled and managed the Center Valley, Pennsylvania facility where Plaintiff was employed.

16. At all times relevant hereto, Defendant DeSales University acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

17. Defendant DeSales University has, acting through its agents, servants and

representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of sex harassment, gender discrimination and age discrimination at the Center Valley, Pennsylvania location.

18. At all relevant times herein, Defendants DeSales University and/or Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor knew, or had reason to know, of the actions and inactions alleged herein and/or have personally participated in some of said actions and are ultimately responsible for same.

## IV. CAUSES OF ACTION

19. Ruth Wittmann-Price was a 51 year-old female employee hired by Defendant DeSales University in or about August 17, 2000 as an Instructor and who was subsequently promoted to Assistant Professor in 2003.

20. At all times relevant, Plaintiff maintained exemplary work habits and job performance and had at all times fulfilled all of the duties and obligations commensurate with that employment. At all relevant times, all of Plaintiff's evaluations and performance reviews were satisfactory or higher.

21. From August 17, 2000 through May 23, 2007, when she was wrongfully terminated, Ruth Wittmann-Price was employed by Defendant DeSales University.

22. Due to discrimination and/or in retaliation for Ruth Wittmann-Price reporting the hostile work environment, sex harassment, gender based employment discrimination and age discrimination to which she was exposed, she was fired from her job by Defendant O'Connor with the knowledge and acquiescence of Defendant DeSales University. Plaintiff's termination was without valid reason

and with no reasonable explanation provided, even after requested by Plaintiff.

23. At all times relevant hereto, Defendant DeSales University failed to establish, maintain and enforce an effective and well-known policy against sex harassment, gender based discrimination and age discrimination that provided a meaningful complaint and reporting procedure. Plaintiff repeatedly complained about this to the Tenure Committee during 2007 but was ignored.

24. Beginning in or about 2005-2006 and continuing until Plaintiff was terminated by Defendant, Plaintiff was subjected to gender based discrimination and age discrimination. Defendants DeSales University and/or Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor subjected Plaintiff to harassment and discrimination based on her gender and age on numerous occasions.

25. The above stated discrimination against Plaintiff began when Plaintiff was on the University Steering Committee and advocated changing Committee structure. The Middle States Association of Colleges and Schools cited inequities regarding the University in their report.

26. Pursuant to the policy and procedures of Defendant DeSales, an Assistant Professor can be considered for full tenure after teaching successfully for five (5) to six (6) years at that rank.

27. Pursuant to the aforementioned policy and procedures, Plaintiff applied for a tenured teaching position with Defendant DeSales, specifically the position of Associate Professor of Nursing.

28. Plaintiff's application package was reviewed by Defendants Walton, Berg, Kane, Laughlin and Jubilan, members of Defendant DeSales Tenure Committee and

Defendant O'Connor, the President of DeSales.

29. The Committee's review was unequal, discriminatory and unfair, including due to the fact that they refused to consider proof and evidence of Plaintiff's publications.

30. On or about May 23, 2007, Plaintiff received a letter from Defendant O'Connor indicating that the Board of Trustees of DeSales had voted to deny her request for promotion to Associate Professor of Nursing.

31. The aforementioned denial of tenure was based upon the recommendation of the Tenure Committee which was majority controlled by the individual Defendants and their agents.

32. Based on the aforementioned, Plaintiff's application for a tenured position was denied.

33. As a result of Defendants' denial of tenure to Plaintiff, she was dismissed from her position as Assistant Professor and had one (1) year from the date of her dismissal to seek new employment.

34. Starting as early as 2005, Plaintiff had repeatedly complained to her supervisors Kerry Cheever ("Cheever") and Carol Mest ("Mest") about the sex harassment and gender and age discrimination. Plaintiff also complained to Walton about gender discrimination and retaliation.

35. As early as 2005, Defendant Walton told Plaintiff that she had spoken to the Board about Plaintiff's complaints and that Plaintiff would not be receiving tenure.

36. Shortly after Defendants' terminated Plaintiff's employment, Dr. Brennan Purcell ("Purcell"), a male, was granted full tenure status by Defendants.

37. At all relevant times, Plaintiff was as qualified and/or more qualified and eligible than Purcell to receive tenure.

38. Purcell was treated in a disparate manner than Plaintiff including as to his being featured in University promotions, and given preferential treatment regarding recognition, support, exposure and evaluations.

39. While Purcell was treated in a greatly favorable and disparate manner regarding tenure consideration, the Tenure Committee refused to fairly consider Plaintiff's credentials and refused to even view and evaluate Plaintiff's teaching at the hospital in which she taught.

40. Plaintiff specifically complained about the gender/age based disparate treatment and was subsequently retaliated against for such protected conduct.

41. As a result of the sex harassment, discrimination and retaliation by Defendants, Plaintiff was forced to seek new employment at another learning institution.

42. The sex harassing and discriminatory conduct toward Ruth Wittmann-Price was so open, notorious and outrageous that it was known to employees, staff, managers and other representatives of Defendant DeSales University.

43. As such, Defendant DeSales University knew or should have known of the sex harassing and/or discriminatory conduct of Defendants Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor and their knowledge of same by others, and was negligent in failing to engage in remedial measures to abate the harassment and discrimination.

44. Despite Plaintiff's complaints, Defendant DeSales University failed and refused to take any prompt, appropriate or remedial action which would be reasonably calculated to terminate or correct the illegal behavior of its employees.

45. After Plaintiff complained, the sex harassment and discrimination continued and intensified.

46. Subsequent to the reporting of the harassing and discriminatory conduct, Defendant DeSales University, engaged in a continuous course of retaliation against Ruth Wittmann-Price for reporting the sex harassment and gender and age discrimination. This retaliation occurred in the context of Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor's continued employment and the continued employment which continued until and involved the termination of Ruth Wittmann-Price's employment. The discrimination and retaliation included, but was not limited to, the following:

  a. Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor retaliated against Ruth Wittmann-Price by adverse treatment of her;

  b. Plaintiff was not allowed to personally address the Board and/or the Tenure Committee, despite several requests that she be allowed to do so;

  c. Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor made demeaning and untrue remarks about Ruth Wittmann-Price to other people including employees, personnel and staff of Defendant DeSales University many of whom Ruth Wittmann-Price had contact with on a regular basis and many of whom she had to work with, report to or manage;

  d. Plaintiff was ostracized and treated in a hostile manner by the individual Defendants, some of whom would not even acknowledge her presence in the hallways and/or in front of students.

e.  In response to Ruth Wittmann-Price's complaints and Defendant DeSales University's knowledge of the conduct of Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor, Defendant DeSales University did nothing to reprimand Defendants Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor;

f.  Defendants told prospective employees and others that Plaintiff would not be getting tenure even before the conclusion of the tenure process and even before Plaintiff was informed.

g.  In response to Ruth Wittmann-Price's complaints she was terminated by Defendants.

47. The aforementioned demeaning and degrading comments and conduct were made by Defendant Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor at a time when they spoke with the apparent authority of Defendant DeSales University.  As a direct result of Defendant's demeaning and degrading statements about Ruth Wittmann-Price with the authority of Defendant DeSales University, other employees, personnel and staff repeated Defendants' comments and many employees, personnel and staff, including friends and acquaintances, did not want to associate, work or talk with Ruth Wittmann-Price and she was shunned at her place of employment.

48. Instead of investigating her allegations or taking prompt remedial actions, Defendant DeSales University Group and Defendant and/or its agents, servants and representatives retaliated against Ruth Wittmann-Price and failed to promptly and effectively address Ruth Wittmann-Price' complaints concerning Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or

O'Connor's sex harassment, discrimination, and retaliation.

49. Defendant DeSales University's retaliation and failure to respond quickly and effectively is illustrated by but not limited to the following facts:

    a. Terminating Ruth Wittmann-Price when she complained about the sex harassment and gender and age discrimination;

    b. Despite Defendant DeSales University's knowledge of the conduct of Defendant Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor, the aforementioned Defendants remained employed by Defendant DeSales University;

    c. Despite Defendant DeSales University's knowledge of the conduct of Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor, and Ruth Wittmann-Price's complaints, there was no true investigation conducted – rather a pre-textual and false "investigation" was conducted to cover up the discrimination and retaliation;

    d. None of the reported witnesses to any of the conduct of Defendant's employees were ever interviewed;

    e. Despite Ruth Wittmann-Price's reporting of the harassing, discriminatory and retaliatory conduct, Defendant DeSales University ignored and/or minimized the significance and severity of said conduct;

    f. Defendant DeSales University took no action to require Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor to cease their retaliatory activities and, in fact, they continued to retaliate and make degrading and demeaning comments about Ruth Wittmann-Price as well as continue to disparage and denigrate Plaintiff's

employment with Defendant DeSales University;

g.  Defendants intentionally humiliated Plaintiff, making it widely known throughout the University community that she had been denied tenure.

h.  Despite being aware of Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor's conduct, constituting and consisting of sex harassment and gender and age discrimination the aforementioned Defendants remained employed with all of the actual and apparent authority over personnel and employees associated with that position;

i.  Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor also continued to supervise activities at the Center Valley location which involved and required supervision of Ruth Wittmann-Price;

j.  Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor continued to retaliate against Ruth Wittmann-Price;

k.  Even though the actions of Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor constituted sex harassment and gender and age discrimination, they were not fired for that conduct;

l.  Defendant DeSales University never acted to correct the demeaning and degrading comments or retaliation that Ruth Wittmann-Price suffered from nor did it take any steps to mitigate or alleviate the damage that Ruth Wittmann-Price suffered to her reputation as a DeSales University employee and /or person.  Indeed, Defendant DeSales University's failure to act intensified the damage to Ruth Wittmann-Price's reputation and Defendant DeSales University's continued employment of Walton

and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor gave its apparent authority and implicit approval and as such constituted retaliation on the part of Defendant DeSales University as well;

m.  Created or permitted to exist a hostile work environment within which Ruth Wittmann-Price was asked to function;

n.  Spread of false, demeaning and derogatory statements about Ruth Wittmann-Price; and

o.  Created and fostered a work environment openly hostile toward Ruth Wittmann-Price.

p.  Falsely accused Plaintiff of "grade inflation" and falsely denigrated her teaching performance.

q.  Intentionally refused to acknowledge Plaintiff's Ph.D. degree requiring Plaintiff to produce a letter from Dean of Widener University.

50. Ruth Wittmann-Price believes, and therefore avers, that Defendant created and/or permitted an intolerable and hostile work environment designed to interfere with her employment and to victimize her because she reported the illegal actions of Defendants.

51. The Defendants, including specifically O'Connor, implemented and practiced systemic based gender discrimination, including stereotypical and paternalistic notions of the subservience and role of women in the educational workplace.

52. Defendant's policies constitute "sex-plus" gender discrimination by being discriminatory against women with a background in nursing for purposes of tenure.

53. Defendant's policies, including denial of tenure to educators from nursing backgrounds and disciplines, create a disparate impact based on gender against women.

54. Defendant DeSales University was responsible and liable for the conduct of its employees for subjecting Ruth Wittmann-Price to a sex harassing and discriminatory employment and work environment and for failing to protect Plaintiff from Defendants' and employees' unlawful conduct.

55. As a direct result of Defendants' hostile and antagonistic conduct, Ruth Wittmann-Price was deprived of her employment and ultimately discharged and wrongfully discharged from her employment with Defendant DeSales University.

56. As a direct result of Defendants' conduct, Ruth Wittmann-Price has been irrevocably damaged.

57. As a direct result of Defendants' conduct, Ruth Wittmann-Price suffered and continues to suffer severe emotional, psychological and physical distress.

58. As a direct result of Defendants' conduct, Ruth Wittmann-Price's career, professional and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity as well as emotional distress and compensatory damage.

**COUNT I**
**RUTH WITTMANN-PRICE**
**v.**
**DESALES UNIVERSITY**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991**

59. Paragraphs 1 through 58 inclusive, are incorporated by reference as if fully set forth at length herein.

60. Based on the foregoing, Defendant DeSales has engaged in unlawful practices in

violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, *et seq.* The said unlawful practices for which Defendant DeSales University is liable to Ruth Wittmann-Price include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, gender discrimination in the form of disparate treatment and disparate impact and retaliating against her because of her expressed opposition to offensive sex and gender related conduct in the work place, subjecting her to more onerous working conditions and treating Plaintiff in a discriminatory and disparate manner.

61. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant DeSales in violation of Title 42 U.S.C. § 2000e, *et seq.*, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT II**
**RUTH WITTMANN-PRICE**
**v.**
**DESALES UNIVERSITY**
**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT**
**ACT OF 1967 (as amended) ("ADEA")**

62. Paragraphs 1 through  61 inclusive, are incorporated by reference as if fully set forth at length herein.

63. Solely because of Plaintiff's age, Plaintiff was treated disparately and denied the opportunity to continue in her employment with Defendant DeSales.

64. The employment practices and actions of Defendant disparately impacted upon the rights of employees over age 40.

65. The foregoing acts of Defendant constitute unlawful discrimination against Plaintiff in violation of the Age Discrimination in Employment Act of 1967, as amended.

66. The actions of Defendants are without reason or basis and is so arbitrary, capricious, and unfounded that Plaintiff was thereby denied due process of law.

67. Plaintiff has no adequate remedy at law.

68. As a direct result of the Defendants' willful and unlawful actions in treating employees, including Plaintiff, in a discriminatory manner solely because of their age, in violation of the ADEA, Plaintiff has sustained loss of earnings, and benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT III
## RUTH WITTMANN-PRICE
### v.
## DESALES UNIVERSITY
## GENDER DISCRIMINATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 Pa.C.S.A. §951, *et seq*.

69. Paragraphs 1 through 68 inclusive, are incorporated by reference as if fully set forth at length herein.

70. The unlawful actions of Defendant DeSales acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, gender discrimination in the form of disparate treatment and disparate impact and retaliating against Plaintiff because of her

expressed opposition to offensive sex related conduct in the work place, subjecting Plaintiff to more onerous working conditions and treating Plaintiff in a disparate manner.

71. As a direct result of the Defendant's willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of her sex, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT IV**
**RUTH WITTMANN-PRICE**
**v.**
**DESALES UNIVERSITY**
**AGE DISCRIMINATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 Pa.C.S.A. §951, *et seq.***

72. Paragraphs 1 through 71 inclusive, are incorporated by reference as if fully set forth at length herein.

73. The unlawful actions of Defendant DeSales acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, subjecting Plaintiff to more onerous working conditions and treating Plaintiff in a disparate manner.

74. As a direct result of the Defendant DeSales' willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of her age, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human

Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT V**
**RUTH WITTMANN-PRICE**
**v.**
**DESALES UNIVERSITY**
**RETALIATION UNDER TITLE VII AND THE ADEA**

75.  Paragraphs 1 through 74  inclusive, are incorporated by reference as if fully set forth at length herein.

76. By the acts complained of, Defendant DeSales has retaliated against Plaintiff for exercising her rights under Title VII in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. §2000e *et seq*. in violation of these acts.

77. By the acts complained of Defendant has retaliated against Plaintiff for exercising her rights under the ADEA, in violation of the anti-retaliation provisions of the ADEA.

78. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

**COUNT VI**
**RUTH WITTMANN-PRICE**
**v.**
**WALTON, BERG, KANE, LAUGHLIN, JUBILAN and O'CONNOR**
**AIDING AND ABETTING UNDER THE PENNSYLVANIA HUMAN**
**RELATIONS ACT**

79. Paragraphs 1 through 78 inclusive, are incorporated by reference as if fully set forth at length herein.

80. The unlawful actions of the individual Defendants acting as aforesaid, constitutes an aiding and abetting violation pursuant to Title 43 Pa. Stat. Ann. §951 *et seq.* of the Pennsylvania Human Relations Act.

81. At all relevant times herein, Defendants Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor knew, or had reason to know of the actions and inaction alleged herein and/or have personally participated in some of said actions and are ultimately responsible for same, and aided and abetted the illegal conduct of Defendant, DeSales University.

82. The individual Defendants Walton and/or Berg and/or Kane and/or Laughlin and/or Jubilan and/or O'Connor as supervisors, are personally liable pursuant to the Pennsylvania Human Relations Act for aiding and abetting the unlawful conduct and gender discrimination, age discrimination and sex harassment set forth herein.

83. Defendants are liable for aiding and abetting in the retaliation of Plaintiff in violation of the Pennsylvania Human Relations Act.

84. As a direct result of the individual, supervisor Defendants' willful and unlawful actions in aiding and abetting in the harassment and discrimination due to age and gender and retaliation as set forth herein in violation of Title 43 Pa. Stat. Ann. §951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings and benefits, loss of future earning power, back pay, front pay and interest due thereon.

**STATEMENT OF FACTS JUSTIFYING**

**THE IMPOSITION OF PUNITIVE DAMAGES**

85. Paragraphs 1 through 84 inclusive, are incorporated by reference as if fully set forth at length herein.

86. At all times relevant hereto, Defendant DeSales University knew or should have known of the pattern of conduct in which the individual Defendants had engaged and in which they continued to engage.

87. At all times relevant hereto, Defendant DeSales University knew or should have known that the aforesaid pattern of conduct was in violation of law and Defendant DeSales University's stated policies and terms of employment.

88. Despite such knowledge Defendant DeSales University failed to adequately investigate, discipline or discharges its agents, servants and representatives who created a hostile work environment, harassed and subjected Plaintiff to a hostile work environment.

89. Defendant DeSales University failed and refused to properly protect and support Plaintiff and in fact subject or permitted her to be subjected to further harassment and discrimination due to her gender and age and permitted her to be subjected to retaliation.

90. At all times relevant hereto, Defendant DeSales University acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff and other employees similarly situated.

91. At all times relevant hereto, the Individual Defendants acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and  well being of the Plaintiff and other employees similarly situated.

## V.  <u>PRAYER FOR RELIEF</u>

92.    Plaintiff repeats the allegations of paragraphs 1 through 91 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff request this Court to enter judgment in her favor and against Defendants and request that this Court:

a.  Exercise jurisdiction over her claims;

b.  Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, including, and punitive damages as may be available under law;

c.  Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d.  Order Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

e.  Order Defendants to compensate Plaintiff with an award of front pay, if appropriate;

f.  Order Defendants to compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

g.  Order Defendants to pay to Plaintiff punitive damages and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other nonpecuniary losses as allowable;

h.  Order Defendants to pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i.  Award such other relief as is deemed just and proper.

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By: gsk5697
GEORGE S. KOUNOUPIS, ESQUIRE
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff,
Ruth Wittmann-Price

Dated: May 15, 2009